IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE CORP. | ) ) ) |
| v. | ) NO. 3-13-1093 ) JUDGE CAMPBELL |
| FIRST EDUCATORS CREDIT UNION and JOHN WHEELER | ) ) ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or Stay (Docket No. 10). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

This action arises from a Correspondent Loan Purchase Agreement between the parties, under which Plaintiff agreed to purchase certain residential mortgage loans from Defendant First Educators Credit Union.[1] Plaintiff contends that Defendants made certain representations and warranties to Plaintiff with respect to each loan it sold to Plaintiff, including that all material information provided was complete, truthful and accurate. Plaintiff also asserts that the Correspondent Loan Purchase Agreement included an indemnity provision, under which Defendant First Educators agreed to indemnify Plaintiff for any losses arising out of specific conduct, misrepresentations, actions and failures to act with regard to the subject loans.

Plaintiff claims that one of the mortgage loans sold by Defendants to Plaintiff, the "Lamar Loan," contained material misrepresentations and, after receiving notice from Plaintiff of the breaches, Defendants have failed to indemnify Plaintiff for its losses with respect to that loan.

---

[1] Defendant Wheeler is the Vice-President of Defendant First Educators.

The Plaintiff and the Defendant First Educators[2] were parties to an earlier action in this Court ("the First Action"), in which Plaintiff alleged that Defendant breached the Correspondent Loan Purchase Agreement with regard to five specific mortgage loans. Case No. 3-11-0749, Docket No. 16. At trial, the jury returned a verdict for Plaintiff with regard to two of the loans, and the Court entered judgment thereon. *Id.*, Docket No.160. On January 2, 2014, the Court denied Defendant's Motion for Judgment Notwithstanding the Verdict or for a New Trial. *Id.*, Docket No. 188.

Defendants argue that this action violates the Initial Case Management Order in the First Action and should therefore be dismissed. Defendants contend that because Plaintiff knew of the claims herein during the First Action, it should have made those claims in the First Action by amending its Amended Complaint before the deadline for amending the pleadings. Alternatively, Defendants ask the Court to stay this action until a judgment in the First Action is final, which (Defendants claim) will constitute *res judicata,* barring Plaintiff's claims herein.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[2] Mr. Wheeler was not a party to the First Action.

*Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

As noted above, Defendants maintain that this action should be dismissed as violating the Initial Case Management Order in *another* case. The Case Management Order of the prior action does not govern this case and cannot be the basis for dismissing Plaintiff's claims herein.

Defendants alternatively contend that, because Plaintiff's claims should have been brought in the First Action, the Court should stay this action until the First Action becomes final, at which time *res judicata* will bar Plaintiff's claims herein.[3] Defendant in the First Action filed a Notice of Appeal on January 31, 2014. Thus, the judgment in the First Action is not final.

The Court, in its discretion, finds that Defendants have not carried their burden to show that a stay is necessary in this case.

For these reasons, Defendants' Motion to Dismiss or Stay (Docket No. 10) is DENIED.

IT IS SO ORDERED.

                                                  /s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

      [3] The Court notes that, in the prior action, Defendant argued that the mortgage loans under the Correspondent Loan Purchase Agreement involved different properties, different borrowers, different purported defects, and were sold at different times. Defendant also claimed that the mortgage loans and the facts surrounding them have no relevance to each other and facts relating to any one mortgage loan doe not have any probative value to another mortgage loan. Docket No. 88, Case No. 3-11-cv-0749.